UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

RAQUEL WIGGINS,

        Plaintiff

v.

TUFTS MEDICAL CENTER, INC., and
ALEX AMAMCHUKWU,

        Defendants

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Raquel Wiggins (hereinafter referred to as "Plaintiff"), is a natural person with a residential address of 14 Arbutus Street, Dorchester, Suffolk County, Massachusetts.

2. The Defendant, Tufts Medical Center, Inc. (hereinafter referred to as "Defendant Company" or collectively as "Defendants"), is a business located at 800 Washington Street, Boston, Suffolk County, Massachusetts.

3. The Defendant, Alex Amamchukwu (hereinafter referred to as "Defendant Alex" or collectively as "Defendants"), is a natural person with a last known business address of 800 Washington Street, Boston, Suffolk County, Massachusetts.

**Jurisdiction**

4. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. There are federal questions of law and the amount in controversy is in excess of $75,000.00. The Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, as amended.

**Facts**

5. The Plaintiff began her employment with the Defendant Company on or about February 1, 2013 as a referral coordinator. Thereafter, on or about October 1, 2013, the Plaintiff was promoted to the position of pre-certified analyst.

6. The Plaintiff performed her job responsibilities well throughout the course of her employment with the Defendant Company.

7. Beginning in or about January of 2014, the Plaintiff's supervisor, the Defendant Alex began to sexually harass her. For example, the Defendant Alex would call the Plaintiff "pretty face," stroke her hair, touch and pinch the Plaintiff's cheeks and stare at her in a sexual manner. There are other examples as well.

8. The Plaintiff immediately reported the sexual harassment to her manager Nicole Marsoobian, Patient Access Manager, in or about January of 2014.

9. The Plaintiff then reported the sexual harassment to Wendy McHugh, Senior Employer Relations Specialist, in or about February of 2014. Yet, instead of addressing the sexual harassment immediately, the Defendant Company forced the Plaintiff into a different position.

10. Despite the transfer of positions, the Plaintiff was still exposed to the Defendant Alex.

11. As retaliation for the Plaintiff's complaints of sexual harassment, the Defendant Company refused to allow the Plaintiff to return her to her former position, and she was essentially demoted.

12. The Plaintiff has been extremely emotionally impacted by the sexual harassment and retaliation.

13. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
### (Title VII of the Civil Rights Act of 1964, as Amended ("Title VII") - Sexual Harassment)
### Plaintiff v. Defendant Company

14. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

15. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Alex, an employee of the Defendant Company.

16. The Plaintiff's job position was adversely changed by the Defendant Company, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

17. This environment, and the conditions imposed upon the Plaintiff, related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

18. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Tufts Medical Center, Inc., and for all damages available pursuant to Title VII.

### Count II
### (Title VII – Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Company

19. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

20. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's sex/gender and her reporting and/or resisting of sexual harassment.

21. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

22. The Plaintiff's job position was adversely changed by the Defendant Company, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

23. The Plaintiff was severely and adversely affected by the Defendant' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Tufts Medical Center, Inc., and for all damages available pursuant to Title VII.

### Count III
### (Title VII – Retaliation)
### Plaintiff v. Defendant Company

24. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

25. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting and resisting of sexual harassment and her job position was adversely changed in retaliation for her complaints to her manager and the human resource department.

26. The Plaintiff was retaliated against and her job position was adversely changed, at least in part, based upon her reporting and/or resisting of said sexual harassment.

27. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

28. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Tufts Medical Center, Inc., and for all damages available pursuant to Title VII.

### Count IV
### (M.G.L. c. 151B - Sexual Harassment)
### Plaintiff v. Defendant Company

29. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

30. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment, and the condoning of the sexual harassment, of the Plaintiff by the Defendants.

31. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment, and the Plaintiff suffered a hostile work environment.

32. The Plaintiff was severely and adversely affected by the conduct of the Defendants and their failure of the Defendants to take reasonable steps to stop the discriminatory and harassing conduct.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Tufts Medical Center, Inc., and for all damages available pursuant to M.G.L. c. 151B.

## Count V
### (M.G.L. c. 151B - Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Company

33. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

34. The discriminatory and harassing treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to sex/gender.

35. There is direct and circumstantial evidence of sex/gender bias on the part of the Defendant Company including, but not limited to, the incidents of discrimination set forth above.

36. The discriminatory and harassing treatment and the conditions imposed upon the Plaintiff and the adverse action taken against the Plaintiff related to sex/gender adversely affected the terms and conditions of her employment.

37. The Plaintiff's job position was adversely changed by the Defendant Company, at least in part, based upon her sex/gender and her reporting and/or resisting of said sexual harassment and the sexual harassment itself.

38. The Plaintiff was severely and adversely affected by the conduct of the Defendants and the failure of the Defendants to take reasonable steps to stop the discriminatory and harassing conduct.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Tufts Medical Center, Inc., and for all damages available pursuant to M.G.L. c. 151B.

## Count VI
### (M.G.L. c. 151B – Retaliation)
### Plaintiff v. Defendant Company

39. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

40. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting and/or resisting of said sexual harassment.

41. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment, and the Plaintiff's position was transferred in retaliation for having reported the sexual harassment to her manager and the human resource department.

42. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Tufts Medical Center, Inc., and for all damages available pursuant to M.G.L. c. 151B.

## Count VII
### (Title VII - Sexual Harassment)
### Plaintiff v. Defendant Alex

43. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

44. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff by the Defendant Alex.

45. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

46. The Plaintiff was severely and adversely affected by the conduct of the Defendant Alex and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Alex Amamchukwu, and for all damages available pursuant to Title VII.

### Count VIII
### (Title VII – Retaliation)
### Plaintiff v. Defendant Alex

47. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

48. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting and/or resisting of sexual harassment and discrimination.

49. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

50. The Plaintiff was severely and adversely affected by the conduct of the Defendant Alex and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Alex Amamchukwu, and for all damages available pursuant to Title VII.

### Count IX
### (M.G.L. c. 151B – Sexual Harassment)
### Plaintiff v. Defendant Alex

51. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

52. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff by the Defendant Alex.

53. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

54. The Plaintiff was severely and adversely affected by the conduct of the Defendant Alex and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Alex Amamchukwu, and for all damages available pursuant to M.G.L. c. 151B.

### Count X
### (M.G.L. c. 151B – Retaliation)
### Plaintiff v. Defendant Alex

55. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

56. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting and/or resisting of sexual harassment and discrimination.

57. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

58. The Plaintiff was severely and adversely affected by the conduct of the Defendant Alex and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Raquel Wiggins, respectfully requests judgment against the Defendant, Alex Amamchukwu, and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANTS ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,


The Plaintiff
RAQUEL WIGGINS
By Her Attorney


/s/ Michael O. Shea                                          Dated: July 11, 2014
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095
owenshea@aol.com